UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| CHARLES D. MOODY, ) <br> ) <br> Plaintiff, ) <br> ) <br> -vs- ) <br> ) <br> ) <br> C. RHODES, MANAGER; S. SMITH, ) <br> COUNSELOR; P. WEATHERS, ) <br> MEDICAL DOCTOR; and EDWARD ) <br> REED, MEDICAL DOCTOR; ) <br> ) <br> Defendants. ) <br> _____ ) | Civil Action No.: 4:14-cv-3813-JMC-TER <br><br><br><br>**ORDER** |

Plaintiff, who is proceeding pro se, originally filed this action in the United States District Court for the Middle District of Florida. Plaintiff named the United States as the only Defendant and brought his claim under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671 et seq., alleging that he received injuries while in custody at the Federal Correctional Institution in Estill, South Carolina as a result of the negligence or lack of care of certain federal employees. Plaintiff later amended his complaint and named the above-captioned Defendants. He removed the United States as a Defendant as well as any specific reference to the FTCA but continued to allege that he suffered injuries as a result of the negligence or lack of care of Defendants. Subsequently, the Middle District of Florida entered an order transferring Plaintiff's case to this district. All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d), DSC.

Presently before the court is Defendants' motion for substitution of party (Document # 32). Defendants seek to substitute the United States as the only Defendant in this action. Plaintiff has not filed a response to this motion. FTCA, as amended by the Federal Employees Liability Reform and Tort Compensation Act of 1988 § 5, Pub. L. No. 100-694, 102 Stat. 4563 (1988), provides that a suit

against the United States shall be the exclusive remedy for persons with claims for damages resulting from the negligent or wrongful acts or omissions of federal employees taken within the scope of their office or employment. 28 U.S.C. § 2679(b)(1).

Title 28, U.S.C., § 2679(d)(2) provides that upon certification by the Attorney General that a federal employee was acting within the scope of his or her office of employment at the time of the incident out of which a state law claim arises, any civil action arising out of the incident shall be deemed an action brought against the United States, and the United States shall be substituted as sole defendant with respect to those claims. The Attorney General has delegated certification authority to the United States Attorneys. 28 C.F.R. § 15.3 (1993).

William N. Nettles, United States Attorney for the District of South Carolina, has certified that Defendants Rhodes, Smith, Weathers, and Reed, employees or former employees of the Federal Bureau of Prisons, were acting within the scope of their employment at the time of the incident alleged in the amended complaint, and that pursuant to 28 U.S.C. § 2679(d)(1) and (2), the United States should be substituted as the sole defendant. See Certification of Scope of Employment Pursuant to 28 U.S.C. § 2679(d) (Ex. to Def. Motion). Defendant has not alleged any constitutional violations that could give rise to a claim against any of the individual Defendants. Therefore, the motion for substitution is (Document # 32) is **GRANTED** and the United States is substituted as the Defendant in this action in place of Defendants Rhodes, Smith, Weathers, and Reed.

**IT IS SO ORDERED**.[1]

   s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

March 12, 2015
Florence, South Carolina

---

[1] Fed.R.Civ.P. 72(a) allows a party to file written objections to a magistrate judge's order.