UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| CHARLES D. MOODY, | ) | Civil Action No.: 4:14-cv-3813-JMC-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | |
| | ) | **ORDER** |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

     Plaintiff, who is proceeding pro se, originally filed this action in the United States District Court for the Middle District of Florida. Plaintiff named the United States as the only Defendant and brought his claim under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671 et seq., alleging that he received injuries while in custody at the Federal Correctional Institution in Estill, South Carolina as a result of the negligence or lack of care of certain federal employees. Plaintiff later amended his complaint to name several individual defendants. He removed the United States as a Defendant as well as any specific reference to the FTCA but continued to allege that he suffered injuries as a result of the negligence or lack of care of Defendants. Subsequently, the Middle District of Florida entered an order transferring Plaintiff's case to this district.

     Defendants thereafter sought to substitute the United States as the only Defendant in this action. Plaintiff did not respond to the motion, and the motion was granted. Plaintiff then moved to amend his complaint but did not attach a proposed amended complaint to his motion. Defendant filed a response indicating that it did not object to the filing of an amended complaint. The court entered an order granting the motion to amend and directing Plaintiff to file his amended complaint within ten days of the date of the order. Plaintiff has not filed an amended complaint or otherwise communicated with the court since the order was entered.

"The Federal Rules of Civil Procedure recognize that courts must have the authority to control litigation before them, and this authority includes the power to order dismissal of an action for failure to comply with court orders. Fed.R.Civ.P. 41(b)." Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir.1989). "Federal courts possess an inherent authority to dismiss cases with prejudice sua sponte." Gantt v. Maryland Division of Correction, 894 F.Supp. 226, 229 (D.Md. 1995) (citing Link v. Wabash R. Co., 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); White v. Raymark Industs., Inc., 783 F.2d 1175 (4th Cir.1986); Zaczek v. Fauquier County, Va., 764 F.Supp. 1071, 1074 (E.D.Va.1991)).

The Fourth Circuit, in Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978), recognizing that dismissal with prejudice is a harsh sanction which should not be invoked lightly, set forth four considerations in determining whether Rule 41(b) dismissal is appropriate: (1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant caused by the delay; (3) the presence or absence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal. Id. at 70.

In the present case, Plaintiff is proceeding pro se and, thus, is entirely responsible for his actions. It is solely through Plaintiff's neglect, and not that of an attorney, that Plaintiff has failed to submit an amended complaint or otherwise communicate with the court following the court's order. As a result, the undersigned concludes Plaintiff has abandoned his claims. No other reasonable sanctions short of dismissal are available. Accordingly, this case is dismissed pursuant to Fed.R.Civ.P. 41(b) for failure to prosecute.

**IT IS SO ORDERED.**

*J. Michelle Childs*
_____
J. Michelle Childs
United States District Judge

January 6, 2017
Columbia, South Carolina